1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7   RAYMOND ALFORD BRADFORD,                CASE NO. 1:11-cv-00990-AWI-SKO PC

8                          Plaintiff,        ORDER DENYING MOTION FOR
                                             RECONSIDERATION WITH PREJUDICE
9        v.
                                             (Doc. 24)
10  I. VELLA-LOPEZ, et al.,

11                         Defendants.
    _____/
12

13        Plaintiff Raymond Alford Bradford, a state prisoner proceeding pro se and in forma pauperis,

14  filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2011.  On March 18, 2013,

15  Plaintiff filed an objection to the order of March 8, 2013, denying his motion for the appointment

16  of counsel.  As there is no entitlement to file an objection to an order, the Court construes the filing

17  as a motion for reconsideration and for the reasons set forth below, denies it with prejudice.

18        Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

19  for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to

20  prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

21  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The

22  moving party must demonstrate both injury and circumstances beyond his control.  Id. (quotation

23  marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show

24  "what new or different facts or circumstances are claimed to exist which did not exist or were not

25  shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or

26  circumstances were not shown at the time of the prior motion."

27        "A motion for reconsideration should not be granted, absent highly unusual circumstances,

28  unless the district court is presented with newly discovered evidence, committed clear error, or if

1

1  there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma</u>

2  <u>GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,

3  and "[a] party seeking reconsideration must show more than a disagreement with the Court's

4  decision, and recapitulation . . . " of that which was already considered by the Court in rendering its

5  decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

6  Plaintiff seeks reconsideration on the grounds that he is indigent and involuntarily medicated.

7  Plaintiff's indigency does not entitle him to the appointment of counsel and Plaintiff's

8  reliance on a California rule of court is misplaced in federal court; there is no right to the

9  appointment of counsel in this action. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009); <u>Storseth</u>

10  <u>v. Spellman</u>, 654 F.2d 1349, 1353 (9th Cir. 1981).

11  The exceptional circumstances test applies to requests for the appointment of counsel and

12  the Court did not find the requisite exceptional circumstances. 28 U.S.C. § 1915(e)(1); <u>Palmer</u>, 560

13  F.3d at 970; <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). That Plaintiff is subject

14  to an order approving the involuntary administration of medication for one year does not alter this

15  finding.[1]  At this stage in the proceedings, the Court does not find that Plaintiff is likely to succeed

16  on the merits, Plaintiff's case is not exceptional, and the record evidences Plaintiff's ability to more

17  than adequately articulate his claims.  <u>Palmer</u>, 560 F.3d at 970; <u>Wilborn</u> 789 F.2d at 1331.

18  Accordingly, Plaintiff's motion for reconsideration of the order denying his motion for the

19  appointment of counsel, filed on March 18, 2013, is HEREBY DENIED, with prejudice.

20

21  IT IS SO ORDERED.

22  **Dated:    March 21, 2013**              **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28      [1] Plaintiff is being medicated because he presents a danger to others; he was not found to be gravely
disabled and incompetent to refuse medication.  (Doc. 24, p. 2.)