# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | CASE NO. 1:11-cv-00990-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING (1) DISMISSAL OF CLAIMS ARISING FROM APPEALS PROCESS WITH PREJUDICE AND (2) LEAVE TO AMEND ACCESS TO COURTS AND MEDICAL CARE CLAIMS |
| v. | |
| I. VELLA-LOPEZ, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following First Screening**

**I.    Screening Requirement and Standard**

Plaintiff Raymond Alford Bradford, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2011.[1] The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff is a three strikes litigant under 28 U.S.C. § 1915(g), but the appellate court found him eligible to proceed in forma pauperis in this action. (Doc. 15).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Complaint

### A. Improperly Joined Claims

As an initial matter, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff names seven defendants and sets forth six sets of claims arising from different events or incidents. The threads in common are Plaintiff's inmate appeals and the defendants' responses to his appeals, but the legal claims are not related. Since Plaintiff is required to file an amended complaint for the reasons set forth below, the Court declines to parse out the unrelated claims at this juncture, but Plaintiff is warned that he may not proceed in one action with a mishmash of unrelated claims. *Owens*, 635 F.3d at 952; *George*, 507 F.3d at 607.

B.   **Plaintiff's Claims**

1.   **Allegations**

a.   **Defendants Vella-Lopez and Barnett**

In his complaint, Plaintiff alleges that on March 2, 2011, he filed an inmate appeal against Defendant Vella-Lopez, the law librarian, for repeatedly denying him access to the law library. Plaintiff's appeal was acknowledged by Defendant Barnett, an appeals coordinator, and by Defendant Vella-Lopez, but it did not receive a response and Plaintiff was "denied access to courts, state (Board) claims, federal and state, access to legal supplies, envelopes, paper, mailing forms, photocopies, legal documents, litigating copy rights infringement suit, study (time) research" by Defendants. (Comp., p. 5.) Plaintiff alleges that the hindrance caused him "injury i.e., preventing him from filing a timely (Board) state claim within 6 months for denial of dental, diet, emergency-medical care, copy rights infringement, living conditions, in addition, to denial of medication, examination, evaluation of plaintiff's life threatening [blood clots] illnesses, causing a delay in treatment." (*Id.*) Plaintiff alleges that Defendant Barnett is responsible for preventing him from seeking relief against Defendant Vella-Lopez, and that Defendants failed to respond to his request for an interview, submitted through a building officer on March 12, 2011.

b.   **Defendant Vasquez**

On March 9, 2011, Plaintiff filed an emergency appeal against a phlebotomist for injuring his arm during a blood draw and "to address any subsequent denial of blood draw(s); future injuries and claims that plaintiff refused treatment." (*Id.*, p. 6.) On March 11, 2011, Defendant Vasquez informed Plaintiff that his appeal would not be processed and on April 12, 2011, it was returned to Plaintiff. Since Defendant Vasquez had a history of failing to process Plaintiff's emergency appeals, Plaintiff filed an emergency appeal against Defendant Vasquez.

Plaintiff alleges that Defendant Vasquez is responsible for processing emergency medical appeals and that by failing to process his emergency medical appeals, she denied him access to emergency medical care. Plaintiff alleges he was repeatedly denied blood draws from March 9, 2011, to date for the purpose of monitoring his blood clotting disorder and other serious medical

///

needs. Plaintiff also alleges that Defendant has denied him access to the courts by disallowing him from seeking administrative redress.

### c.     **Defendant Rouch**

On April 12, 2011, after Plaintiff filed the appeal against the phlebotomist, Defendant Rouch, a nurse practitioner, had a licensed vocational nurse witness a purported refusal of examination/treatment to justify Defendant Rouch's destruction of Plaintiff's inmate appeal form. Plaintiff alleges that Defendant Rouch prevented him from exhausting and from seeking adequate medical care, which led to a lack of monitoring for his blood clotting condition. Plaintiff alleges that he has been denied blood draws since March 9, 2011, causing him to experience bloody diarrhea daily. On April 12, 2011, Plaintiff filed an inmate appeal against Defendant Rouch for destroying his inmate appeal, but he has not received any response.

### d.     **Defendants Vasquez and Clark**

On October 18, 2010, and October 28, 2010, Plaintiff filed two emergency appeals against Defendant Clark, the Chief Medical Officer, for denying him emergency medical care relating to chest pain and difficulty breathing and for denial of dental care relating to a painful toothache. On January 4, 2011, Defendant Vasquez filed the latter appeal as a non-emergency appeal, destroyed the original appeal, and returned the appeal unanswered. The earlier appeal was also returned unanswered. Plaintiff alleges that Defendant Vasquez had a duty to process his appeals as emergency appeals and in failing to do so, she hindered his ability to exhaust and to seek emergency medical care, causing Plaintiff to suffer from "blood clotting-chest pain" from October 18, 2010, to January 4, 2011, and causing Plaintiff to suffer from intolerable tooth pain from October 28, 2010, to January 4, 2011. (*Id.*, p. 8.)

Plaintiff alleges that on October 28, 2010, Defendant Clark denied him access to emergency medical care for "a blood-clotting, clogging (IVC) filter, chest pain, difficulty breathing." (*Id.*) Plaintiff was taken to the Acute Care Hospital and without examination, evaluation, treatment, or medication, Defendant Clark told Plaintiff that there was nothing he could do, which caused Plaintiff to suffer pain from October 18, 2010, to October 20, 2010. Plaintiff alleges that he miraculously recovered.

### e. **Defendant Madruga**

Plaintiff filed two emergency appeals, one on March 14, 2011, and the other on or around March 22, 2011. One appeal was against a licensed vocational nurse for denying Plaintiff a nutritional supplement for his ulcerative colitis, weight loss, and diarrhea, which had been prescribed by a dietician and approved by the Chief Medical Officer; and the other appeal concerned the denial of a dietary supplement. Defendant Madruga filed the first appeal but returned it with no answer, and the second appeal was not returned but Plaintiff received a notice informing him that the appeal would not be processed as an emergency appeal. Plaintiff alleges that Defendant Madruga failed to perform her duty to process Plaintiff's emergency appeals, which hindered Plaintiff's ability to exhaust and to obtain medical care, thereby violating Plaintiff's right of access to the courts and to medical care. Plaintiff alleges that he suffered weight loss, diarrhea, and loss of protein, and his illnesses worsened.

On April 1, 2011, Plaintiff filed an emergency appeal against Defendant Madruga complaining about her failure to process his earlier emergency appeals, which prevented him from exhausting.

### f. **Defendant Moon**

Finally, Plaintiff alleges that in early March 2011, he complained of massive head pain, possible clotting, and/or mild stroke with associated mild dizziness. Plaintiff was taken to the Acute Care Hospital. Defendant Moon was the staff physician on duty and he informed Plaintiff that he could not see any blood clot, without examining or evaluating Plaintiff, performing an ultrasound, testing Plaintiff's anticoagulation level, or providing medication. Plaintiff alleges that Defendant Moon denied him "medical care to ascertain if [his] medical claims were real," and his failure to perform his duty as a staff physician caused Plaintiff to suffer excruciating pain associated with a mild stroke. (*Id.*, p. 10.)

Plaintiff alleges that seven days later, another physician increased his blood thinner and the pain went away. Plaintiff's emergency appeal was not processed as it should have been, and as a result, he was denied the opportunity to exhaust and to obtain medical care.

///

5

### 2. **Failure to Process or Respond to Appeals**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation (CDCR) has an emergency appeals process in place to address circumstances where there is "a substantial risk of personal injury" or "other serious and irreparable harm" to an inmate. Cal. Code Regs., tit. 15, § 3084.9(a). The process is not to be used "as a substitute for verbally or otherwise informing staff of an emergency situation requiring immediate response." Tit. 15, § 3084.9(a).[2] The determination whether an appeal meets the criterion and should be processed as an emergency appeal is made by the appeals coordinator. Tit. 15, § 3084.9(a)(3).

It is not surprising that Plaintiff's repeated bids to file emergency appeals have been unsuccessful under the circumstances alleged in the complaint. Attempting to file an emergency appeal to complain about the failure to process a prior appeal as an emergency, for example, is nothing short of abusive.

Regardless, the existence of CDCR's inmate appeals process does not create any substantive rights and Plaintiff cannot pursue any claims against Defendants based on their failure to process or respond to his appeals or based on their rejections of his appeals as emergency appeals. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). These claims should be dismissed from this action, with prejudice, for failure to state a claim.

### 3. **Denial of Access to the Courts**

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege sufficient facts to support a plausible claim that he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), *cert. denied*, 132 S.Ct. 1823 (2012).

---

[2] Plaintiff's claims arise from events between October 2010 and April 2011. The regulation in place prior to December 13, 2010, tit. 15, § 3084.7, was materially similar to the current regulation with respect to the purpose of the process and the appeals coordinator's discretion in determining whether the appeal meets the criterion for an emergency appeal.

The most favorable construction of Plaintiff's allegations is that Defendants' failure to process and/or resolve his inmate appeals caused him to be unable to exhaust the administrative remedies, in compliance with 42 U.S.C. § 1997e(a) and the Government Claims Act (Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2).  However, given the myriad of exceptions to administrative exhaustion, the bare assertion that Plaintiff suffered an actual injury because prison officials would not process or resolve his inmate appeals is untenable.  *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (recognizing exhaustion is not required where administrative remedies are effectively unavailable); *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004) (plaintiffs must allege facts demonstrating or excusing compliance with Government Claims Act).  Such a conclusion is purely speculative on Plaintiff's part and speculative injury is insufficient to support a constitutional claim for denial of access to the courts, which requires a showing of *actual* prejudice.  The Court finds that Plaintiff's allegations do not give rise to any claims for denial of access to the courts.

### 4.    Medical Care

Finally, Plaintiff alleges various medical issues and lack of care.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012); *Wilhelm*, 680 F.3d at 1122.  While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23.

Plaintiff has not demonstrated that Defendants acted with deliberate indifference to his serious medical needs.  Plaintiff attempts to link most of the defendants to his denial of medical care claims based merely upon their failure to process his appeals and/or their failure to process his appeals as emergency appeals.  This does not support a claim for deliberate indifference.  There is

7

no support for a reasonable inference that prison officials responsible for reviewing inmate appeals act as that inmate's primary care provider or otherwise hold the key to his medical treatment. That Plaintiff did not succeed in pursuing his appeals for denial of access to the law library, for an arm injury caused by a phlebotomist, for denial of nutritional and dietary supplements, and against staff for other instances of denial of medical care does not render those responsible for reviewing his inmate appeals personally liable for a failure to treat his clotting condition and/or complaints of pain.

Plaintiff's most promising claims are against Defendants Clark and Moon, who are physicians he accuses of failing to provide him with appropriate medical care. Defendant Clark denied Plaintiff's appeal care relating to chest pain, difficulty breathing, and a painful toothache, and Defendant Moon did not provide Plaintiff with the diagnostics and/or medication Plaintiff believes he should have been provided with when he was taken to the Acute Care Hospital. However, Plaintiff's conclusory allegations fall short of supporting a claim.

It is unclear what actually happened between Plaintiff and Defendant Clark. It is not enough to say Defendant Clark that denied Plaintiff's emergency appeal, thereby depriving him of medical care; the claim is conclusory at best. Further, Plaintiff's bare disagreement with Defendant Clark's statement that there was nothing he could do for Plaintiff does not support a claim.

With respect to Defendant Moon, Plaintiff was taken to the hospital and he was seen by a physician. Plaintiff's mere belief that more should have been done for him is not sufficient to support a claim for deliberate indifference.

For these reasons, the Court finds that Plaintiff's complaint fails to state any claims for relief under the Eighth Amendment. The Court recommends that Plaintiff be provided with the opportunity to file an amended complaint, in which Plaintiff must allege facts which demonstrate that the named defendants knowingly disregarded a substantial risk of harm to his health, causing him harm.

### III.   **Conclusion and Recommendation**

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The main focus of Plaintiff's claims is the failure of prison officials to review and resolve his inmate appeals to his satisfaction. In particular, Plaintiff believes he is entitled to have the appeals

he labels as emergency appeals be resolved as such and that the decision to rejects his appeals as emergency appeals is a breach of constitutional magnitude. Plaintiff is misinformed. The existence of the inmate appeals process creates *no* substantive rights and prison officials' actions or inactions with respect to the classification, consideration, and resolution of Plaintiff's appeals, including the decision to reject his appeals as emergency appeals, provide no basis for the imposition of liability under section 1983. *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640. These claims fail as a matter of law and cannot be cured through amendment. Therefore, they should be dismissed, with prejudice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Plaintiff's claims that he was denied access to the courts and that his medical needs are not being met are secondary to his inmate appeals claims. However, Plaintiff has a constitutional right to access to the court and to adequate medical care, and Plaintiff should be provided with one opportunity to file an amended complaint setting forth facts demonstrating that his rights were violated. *Akhtar*, 698 F.3d at 1212-13.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims arising out of the consideration and processing of his inmate appeals, including the failure to process Plaintiff's appeals as emergency appeals, be DISMISSED, with prejudice, for failure to state a claim; and

2. Plaintiff be granted leave to amend his claims for denial of access to the courts and for denial of medical care.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 18, 2013**                              /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE