# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>I. VELLA-LOPEZ, et al.,<br><br>  Defendants. | Case No. 1:11-cv-00990-AWI-SKO PC<br><br>FIRST SCREENING ORDER VACATING FINDINGS AND RECOMMENDATIONS AS MOOT, AND DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Docs. 32 and 33)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.   Background**

Plaintiff Raymond Alford Bradford, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2011. On April 19, 2013, the undersigned screened Plaintiff's complaint and issued findings and recommendations regarding dismissal of some claims and leave to amend as to the remaining claims. On April 18, 2013, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a)(1). Plaintiff's amended complaint supercedes his original complaint, and therefore, the findings and recommendations are now moot and shall be vacated.[1] *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc); Local Rule 220.

---

[1] The findings and recommendations was issued on April 18, 2013, and Plaintiff's amended complaint was docketed on April 19, 2013. As a result, the Court was unaware that Plaintiff had filed an amended complaint at the time it issued its findings and recommendations.

## II. Screening Standard and Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

///

///

**III.   Discussion**

    **A.   Summary of Amended Complaint**

Plaintiff, who is currently incarcerated at California State Prison, Corcoran in Corcoran, California, brings this action against M. Brooks, a registered dietician, and doctors R. Gill, Yu, Beregovskays, J. Moon, Peppercorn, and J. Wang.[2]  Plaintiff alleges a violation of his rights under the Eighth Amendment of the United States Constitution, and he seeks damages and a transfer to a medical facility.

Plaintiff alleges that on July 16, 2012, Defendants denied him medical treatment for ulcerative colitis and celiac disease, which caused him to suffer bloody diarrhea, weight loss, and stomach cramps.  Plaintiff alleges that Defendants were aware of his medical history but insisted he was not having an active flare-up of his condition, a conclusion with which Plaintiff disagrees.

    **B.   Findings**

        **1.   Legal Standard**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  *E.g.*, *Farmer*, 511 U.S. at 847; *Thomas v.*

---

[2] In his statement of claim, Plaintiff also identifies Dr. C. McCabe and Chief Executive Officer T. Macias as having been involved in the denial of care, although he does not list them as named defendants.

3

*Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care, *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122, and a mere disagreement with prison official over medical treatment does not support a claim under section 1983, *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122-23.

### 2. Inadequate Linkage Between Parties and Constitutional Violation

At the pleading stage, the Court assumes, without deciding, that ulcerative colitis and celiac disease, which allegedly caused Plaintiff bloody diarrhea, stomach cramps, and weight loss, constitute an objectively serious medical need entitling Plaintiff to appropriate medical care. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). However, Plaintiff has not alleged any specific facts linking each named defendant to actions or omissions which demonstrate subjective deliberate indifference toward his medical condition. It does not suffice for Plaintiff to conclude that all identified prison staff members acted with deliberate indifference. Plaintiff must set forth facts supporting his claim that Defendants acted with deliberate indifference.

Further, at least one of the staff members, T. Macias, holds a supervisory position. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934, and

4

administrators only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). For liability to lie, some culpable action or inaction must be attributable to the defendants who hold administrative positions. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey*, 693 F.3d at 915-16; *Starr*, 652 F.3d at 1205.

## IV. **Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file a second amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey,* 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations filed on April 19, 2013, is VACATED;

///

2. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

5. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 21, 2014**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE