# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>I. VELLA-LOPEZ, et al.,<br><br>Defendants. | Case No. 1:11-cv-00990-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S RULE 56(D) MOTION BE DENIED AND DEFENDANT PEPPERCORN'S SUMMARY JUDGMENT MOTION BE GRANTED<br><br>(Docs. 46, 52, and 61)<br><br>OBJECTION DEADLINE: THIRTY DAYS |

## I.   Procedural Background

Plaintiff Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2011. This action is proceeding on Plaintiff's second amended complaint, filed on January 31, 2014, against Defendants Peppercorn, Brooks, and Yu for violating Plaintiff's right to adequate medical care under the Eighth Amendment of the United States Constitution. (Docs. 38, 39.) The events presently at issue in this action occurred at California State Prison-Corcoran ("CSP-Corcoran") in July and August 2012.

The federal system is one of notice pleading and in his brief second amended complaint, Plaintiff alleges that he was diagnosed with ulcerative colitis and celiac disease, which cause him bloody diarrhea, weight loss, and stomach cramps on a daily basis. Fed. R. Civ. P. 8(a). (Doc. 38, 2nd Amend. Comp.)  On July 16, 2012, CSP-Corcoran dietician M. Brooks allegedly denied

Plaintiff appropriate medical care when she told him that he did not have ulcerative colitis or celiac disease and discontinued his special diet. Defendant Brooks allegedly told Defendants Peppercorn and Yu, both physicians at CSP-Corcoran, not to order Plaintiff a special diet, which led to Peppercorn and Yu denying Plaintiff treatment. Plaintiff alleges that his symptoms worsened as a result.

On April 24, 2014, Defendant Robert Peppercorn, M.D., filed an answer to Plaintiff's second amended complaint and a motion for summary judgment.[1] Fed. R. Civ. P. 56. (Docs. 46, 48.) Discovery is not yet open, and on May 5, 2014, Plaintiff filed a motion to defer consideration of the motion for summary judgment pending completion of discovery. Fed. R. Civ. P. 56(d). (Doc. 52.) Defendant Peppercorn filed an opposition to the Rule 56(d) motion on May 22, 2014; and Plaintiff filed a second Rule 56(d) motion on May 27, 2014, and a reply to Defendant's opposition on June 4, 2014. (Docs. 59, 61, 68.) On May 29, 2014, Plaintiff filed two oppositions to Defendant's motion for summary judgment, and Defendant Peppercorn filed a reply on May 30, 2014. (Docs. 62, 64, 66.)

The motions have been submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons which follow, the Court recommends Plaintiff's Rule 56(d) motions be denied and Defendant Peppercorn's motion for summary judgment be granted.

II.     **Plaintiff's Rule 56(d) Motion**

   A.     **Legal Standard**

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland*

---

[1] Defendants Peppercorn, Brooks, and Yu are each represented by separate counsel. This findings and recommendations addresses only Defendant Peppercorn's pending motion for summary judgment and Plaintiff's motion to defer its consideration pending completion of discovery. Fed. R. Civ. P. 56.

*Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

### B. Discussion

The Court permitted Plaintiff's second amended complaint to proceed against Defendant Peppercorn based on Plaintiff's allegations that Peppercorn was employed at CSP-Corcoran and he was involved in Plaintiff's medical care vis a vis denial of a medically necessary diet for Plaintiff's ulcerative colitis and celiac disease, which then caused Plaintiff's condition to worsen. (Doc. 38, 2nd Amend. Comp., p. 2.) Robert Peppercorn, M.D., thereafter waived service of the summons and complaint, and filed a motion for summary judgment on the ground that he was misidentified as being involved in the violation of Plaintiff's constitutional rights. In support of his motion, Defendant Peppercorn submitted evidence that he is a dermatologist who has practiced in Yuba City for more than twenty years; he has never treated Plaintiff or been involved in his care; he does not treat ulcerative colitis or celiac disease; he has never worked for the California Department of Corrections and Rehabilitation at any of its facilities or traveled to any of its facilities as a consultant; Plaintiff was never his patient and he does not know who Plaintiff is; and he does not know M. Brooks, the dietician who allegedly caused Drs. Peppercorn and Yu to deny Plaintiff's special diet. (Doc. 46-3, Motion, Peppercorn Dec.)

The evidence submitted by Defendant Peppercorn regarding his lack of involvement in any violation of Plaintiff's rights is specific and is directed at a narrow issue; and Plaintiff is entitled to a continuance of Defendant's motion only if he can identify the actual existence of relevant information that would prevent summary judgment. Plaintiff's Rule 56(d) motion must be viewed through lens of his pro se status and the Court is cognizant that no discovery has been conducted, but given the specific ground for Defendant Peppercorn's motion, Plaintiff is not entitled to a continuance to engage in discovery based on vague arguments and a bare desire to make no concessions regarding his claims and/or the parties. While Plaintiff argues that Defendant Peppercorn was deliberately indifferent to his medical needs and he needs access to medical records, other documents, interrogatory responses and other information to establish Peppercorn's

involvement, this is precisely the type of general argument which does not suffice given the specific issue raised in the motion for summary judgment.[2]  Furthermore, although Plaintiff subsequently submitted two prison records he represents support his argument that Dr. Robert Peppercorn is a proper party to this action, the exhibits do not support that argument, for the reasons discussed in greater detail in section III.  (Doc. 68, Reply, pp. 6-7.)

Accordingly, the Court finds that Plaintiff has not shown the actual existence of relevant information that would prevent summary judgment in favor of Dr. Robert Peppercorn, and he is not entitled to a deferment of consideration of Defendant Peppercorn's motion under Rule 56(d). *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation).  The Court therefore recommends that Plaintiff's motions be denied.

## III. Defendant Peppercorn's Motion for Summary Judgment

### A. Legal Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3);

---

[2] If there was no dispute that Dr. Robert Peppercorn worked at CSP-Corcoran and was directly or indirectly involved in Plaintiff's medical care, or if there was a dispute but there existed some evidence that Dr. Robert Peppercorn had a connection to CSP-Corcoran, a Rule 56(d) motion filed in response to an early, pre-discovery summary judgment motion might well be meritorious.  Here, however, the issue raised in the summary judgment motion is whether an uninvolved individual was misidentified and sued without any legal basis for the claim, and Plaintiff is not entitled to engage in a fishing expedition when his own evidence indicates a misapprehension regarding Dr. Peppercorn's purported involvement.

4

*Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant Peppercorn does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**B.     Discussion**

**1.     Defendant's Position**

Defendant Peppercorn seeks summary judgment on Plaintiff's Eighth Amendment medical care claim against him on the ground that he did not act with deliberate indifference to Plaintiff's medical needs because he was not, nor has he ever been, involved with Plaintiff's medical care or the medical care of any inmate. (Doc., 46-3, Motion, Peppercorn Dec.) Defendant Peppercorn attests that he is a medical doctor specializing in dermatology, and he has practiced dermatology in Yuba City, California for more than twenty years. Defendant Peppercorn does not advise patients

on diets for colitis or celiac disease nor has he ever determined that anyone, patient or otherwise, did or did not need a special diet for colitis, ulcerative colitis, or celiac disease.

Moreover, Defendant Peppercorn has never worked for the State of California or any of its correctional facilities, and he has never traveled to any correctional facilities as a consultant or consulted with any patient at CSP-Corcoran.  Defendant Peppercorn does not know Plaintiff; Plaintiff was never a patient of his; he does not know how Plaintiff got his name or why Plaintiff sued him; and he does not know M. Brooks and has never consulted with Brooks or directed Brooks to take any action.  Defendant Peppercorn is also unaware of any other physician named Peppercorn practicing in California.

### 2. **Plaintiff's Position**

Plaintiff alleges that he suffers from ulcerative colitis and other serious medical issues which cause him bloody diarrhea, weight loss, and stomach pain, and that he had been receiving a gluten-free diet with nutritional supplements for quite some time prior to July 16, 2012, which was helpful to his medical condition.[3]  (Doc. 38, 2nd Amend. Comp.; Docs. 62 & 64, Bradford Decs.) Plaintiff alleges that on July 16, 2012, Defendant Brooks, a dietician, informed him she would not provide him with the special diet he had been receiving because he did not have ulcerative colitis and did not need it.  Plaintiff filed an inmate appeal in response, and he contends the staff responses to this appeal demonstrate that Defendant Peppercorn was the medical doctor in charge of the medical management of ulcerative colitis who denied his diet.  Plaintiff alleges that as a result of being denied a special diet, his medical condition worsened.

### 3. **Findings**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir.

---

[3] Contentions set forth in verified pro se pleadings, motions, and/or oppositions constitute evidence where the contentions are based on personal knowledge of facts admissible in evidence. *Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004). Plaintiff's second amended complaint is verified, and he supported his opposition with a declaration.

2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

The relevant issue before the Court is not whether Plaintiff had serious medical needs but whether Robert Peppercorn. M.D., knew of and disregarded those medical needs by denying Plaintiff treatment in the form of a special diet. Defendant Peppercorn has met his burden as the party moving for summary judgment by producing evidence that he is a Yuba City dermatologist who is not involved in diagnosing or treating ulcerative colitis or celiac disease, and that he had no involvement whatsoever with either Plaintiff's medical care or the medical care of any prisoner. Although Plaintiff argues that the responses to his inmate appeal establish Robert Peppercorn's involvement in denying him medical care, the Court finds that Plaintiff's position is not supported by any of the evidence before the Court. Fed. R. Evid. 201.

Plaintiff submitted an inmate health care appeal, COR HC 12051026, seeking a gluten-free diet and nutritional supplements. The appeal was partially granted by C. McCabe, M.D., on August 23, 2012, and the decision stated, in relevant part:

> Your request to order a gluten free diet and nutritional supplement three times daily for milk is denied *as R. Gill, D.O. indicated that Dr. Peppercorn who is a doctor of medical management of ulcerative colitis indicated that there is no specific diet that causes ulcerative colitis or maintains its remission* and that you are currently prescribed asacol for this condition.

(Pl. Ex. A (emphasis added).)

///

///

7

The accompanying medical progress note signed by Ravijot Gill, D.O., provided:

> Regarding the nutritional supplement and gluten free diet, *it should be noted that the recommendation from up-to-date, which was the doctor of the medical management of ulcerative colitis, Dr. Peppercorn*. The literature was reviewed and is up to date from July 2012. The nutrition and dietary consideration in this recommendation is that, "There is no specific diet that causes ulcerative colitis or maintains its remission." *I informed the patient* regarding this that a gluten-free diet is not indicated for ulcerative colitis."

(*Id.* (emphasis added).)

Plaintiff's confusion under the circumstances is understandable, perhaps, but "UpToDate" is a website which describes itself as "an evidence based, physician-authored clinical decision support resource,"[4] and Mark A. Peppercorn, M.D., is identified on the site as a Professor of Medicine at Harvard Medical School who is one of the contributing authors of the website section entitled "Management of Severe Ulcerative Colitis."[5,6] The existence of this website containing the aforementioned information is consistent with both (1) Plaintiff's identification of Dr. Peppercorn as a source of ulcerative colitis management, an identification based entirely on the language in his health care appeal responses, and (2) Dr. Robert Peppercorn's evidence that he is a Yuba City dermatologist who is not involved with prison healthcare and that he is unaware of any other physician named Peppercorn in the State of California.[7] It is also consistent with the language in Plaintiff's Director's Level decision, which provides, "*Current medical literature* does not support a special diet as necessary to prevent relapse of ulcerative colitis." (Pl. Ex. B (emphasis added).)

Plaintiff also produced evidence showing that after Defendant Brooks determined he did not need a gluten-free diet or nutritional supplements and she recommended he be given a soy milk substitute, it was Defendant Yu who agreed with that recommendation and ordered the soy

---

[4] http://www.uptodate.com/contents/management-of-severe-ulcerative-colitis.

[5] http://www.uptodate.com/contents/management-of-severe-ulcerative-colitis/contributors?utdPopup=true.

[6] The Court may take judicial notice of publicly accessible websites. *In re Yahoo Mail Litigation*, 7 F.Supp.3d 1016, 1024 (N.D.Cal. 2014) (citing *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D.Cal. 2006) and *Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956, 965 (C.D.Cal. 2005)).

[7] The Court takes judicial notice of the fact that California Medical Board identifies only one physician with the last name of Peppercorn: Robert Peppercorn, a dermatologist and cosmetic surgeon practicing in Yuba City, California. Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

milk. (Doc. 64, Opp., Ex. B & Ex. I, Brooks Dec., ¶¶11, 13.) This evidence, too, contradicts Plaintiff's allegations against Defendant Peppercorn.

In conclusion, consideration of the language in Plaintiff's health care appeal responses and his medical progress note, along with other evidence, does not support his position that Robert Peppercorn, a physician licensed by the State of California, was involved with his medical care at CSP-Corcoran, nor it does not support his position that there was *a* Dr. Peppercorn at CSP-Corcoran who was involved in his medical care and who denied his request for a gluten-free diet and nutritional supplements. Because Plaintiff has not produced any evidence which raises a triable issue of material fact as to Dr. Robert Peppercorn's involvement in the alleged violation of his Eighth Amendment right to medical care at CSP-Corcoran, Defendant Peppercorn is entitled to judgment as a matter of law on the claim against him.

## IV.     Recommendation

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. Plaintiff's motions to continue Defendant Peppercorn's motion for summary judgment pending completion of discovery, filed on May 5, 2014, and on May 27, 2014, be DENIED; and

2. Defendant Peppercorn's motion for summary judgment, filed on April 24, 2014, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v.*

///
///
///
///

9

*Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated: **December 8, 2014** | **/s/ Sheila K. Oberto** |
| --- | --- |
| | UNITED STATES MAGISTRATE JUDGE |