# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>          Plaintiff,<br><br>     v.<br><br>I. VELLA-LOPEZ, et al.,<br><br>          Defendants.<br>_____/ | Case No. 1:11-cv-00990-AWI-SKO (PC)<br><br>ORDER ADDRESSING MOTION FOR CLARIFICATION<br><br>(Doc. 44) |

    Plaintiff Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2011. This action is proceeding on Plaintiff's second amended complaint, filed on January 31, 2014, against Defendants Peppercorn, Brooks, and Yu ("Defendants") for violating Plaintiff's right to adequate medical care under the Eighth Amendment of the United States Constitution.

    On April 3, 2014, Plaintiff filed a motion entitled "Notice of Motion and Motion to Clarify Relief." The motion is directed at clarifying that Plaintiff is suing the defendants in their official and individual capacities. However, the underlying basis for Plaintiff's concern is unclear.

    While Plaintiff's second amended complaint is silent as to the capacity in which each defendant is sued, Plaintiff is seeking damages based on Defendants' alleged involvement in the violation of his constitutional rights and therefore, it is presumed that they are named in their individual capacities. *Romano v. Bible*, 169 F.3d 1182, 1185-86 (9th Cir. 1999); *Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994). With respect

1  to any official capacity claims, the Court notes only that Plaintiff is also seeking prospective relief
2  in the form of a special diet, nutritional supplements, and transfer to a medical facility.  Whatever
3  merit that request may or may not have in this case, 18 U.S.C. § 3626(a)(1)(A); *Monsanto Co. v.*
4  *Geerston Seed Farms*, 561 U.S. 139, 156-57, 130 S.Ct. 2743, 2756 (2010), official capacity claims
5  for prospective relief are permissible in general, *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66
6  (9th Cir. 2010); *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007), but "[a]n
7  official-capacity suit 'represent[s] only another way of pleading an action against an entity of
8  which an officer is an agent,'" *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114,
9  1127 (9th Cir. 2013) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985)),
10 and they are "'treated as suits against the State,'" *id.* (quoting *Hafer v. Melo*, 502 U.S. 21, 25, 112
11 S.Ct. 358 (1991)).

12  Accordingly, by this order, Plaintiff's motion for clarification is DEEMED ADDRESSED.

IT IS SO ORDERED.

Dated:  **December 11, 2014**          **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE