# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | Case No. 1:11-cv-00990-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT BROOKS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BE DENIED |
| v. | |
| I. VELLA-LOPEZ, et al., | |
| Defendants. | (Doc. 55) |
| | OBJECTION DEADLINE: THIRTY DAYS |

## I.  Procedural Background

Plaintiff Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2011. This action is proceeding on Plaintiff's second amended complaint, filed on January 31, 2014, against Defendants Peppercorn, Brooks, and Yu for violating Plaintiff's right to adequate medical care under the Eighth Amendment of the United States Constitution. (Docs. 38, 39.) The events at issue in this action occurred at California State Prison-Corcoran ("CSP-Corcoran") in July and August 2012.

On May 14, 2014, Defendant M. Brooks filed a motion to dismiss for failure to state a claim upon which relief may be granted.[1] Fed. R. Civ. P. 12(b)(6). (Doc. 55.) Plaintiff filed an

---

[1] Defendants Peppercorn, Brooks, and Yu are each represented by separate counsel. This findings and recommendations addresses only Defendant Brooks' pending motion to dismiss. Fed. R. Civ. P. 12(b)(6).

opposition on May 29, 2014, and Defendant Brooks filed a reply on June 6, 2014. (Docs. 63, 69.) Plaintiff subsequently filed a supporting declaration on June 16, 2014, which is not considered given the procedural posture of this case, discussed in section II, and courts' general disinclination to permit surreplies. Fed. R. Civ. P. 12(b)(6); Local Rule 230(*l*); *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). (Doc. 72.)

Defendant Brooks' motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons which follow, the Court recommends the motion be denied.

## II.    Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d

2

1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### III. Discussion

#### A. Screening

As an initial matter, Plaintiff's second amended complaint was screened on February 6, 2014, and the Court found it stated a cognizable Eighth Amendment claim against Defendant Brooks. 28 U.S.C. § 1915A. In as much as the legal standard for screening and for 12(b)(6) motions is the same, 28 U.S.C. § 1915A; *Watison*, 668 F.3d at 1112, the Court generally views subsequent Rule 12(b)(6) motions with disfavor, *see Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005); *Thomas v. Hickman*, No. CV F 06-0215 AWI SMS, 2008 WL 2233566, at *2-3 (E.D. Cal. May 28, 2008), and the present motion is no exception. Nevertheless, because Plaintiff's second amended complaint is a study in brevity, the Court will address Defendant Brooks' arguments regarding the perceived deficiencies. In doing so, it limits its review to the four corners of Plaintiff's second amended complaint. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Schneider*, 151 F.3d at 1197 n.1.

#### B. State Action

Defendant argues first that Plaintiff's second amended complaint fails to allege facts sufficient to support an inference that she was acting under color of state law. This argument is lacks merit.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988) (citations omitted); *accord Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "[G]enerally, a public employee acts under color of state law while acting in [her] official capacity or while exercising [her] responsibilities pursuant to state law." *West*, 487 U.S. at 50.

In his second amended complaint, Plaintiff alleges that Defendant Brooks is a dietician employed at CSP-Corcoran, which is a state prison. In as much as Plaintiff alleges that Defendant Brooks is employed at a state prison as a dietician and he alleges facts indicating that the actions complained of occurred within the context of Defendant's duties as a state prison dietician, the Court finds the advancement of Defendant's argument perplexing. *West*, 487 U.S. at 49-50; *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000).

### C. Deliberate Indifference

Next, Defendant argues that Plaintiff fails to allege facts supporting an inference that she acted with deliberate indifference. This argument is also rejected.

The Eighth Amendment of the United States Constitution is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).

Plaintiff's allegation that he has ulcerative colitis and celiac disease, which cause him bloody diarrhea, weight loss, and stomach cramps on a daily basis suffices, at the pleading stage, to support the existence of an objectively serious medical need. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

With respect to the subjective element of his claim, Plaintiff's allegations must be construed liberally and the Court "'may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm*, 680 F.3d at 1122 (quoting *Silva*, 658 F.3d at 1101).

4

Plaintiff's allegations taken as true, *Silva*, 658 F.3d at 1105, indicate that (1) Defendant Brooks knew of his medical condition but discontinued his special diet despite knowing that he suffered from bleeding diarrhea on a daily basis, and (2) Plaintiff's medical condition worsened as a result of Defendant Brooks' action, *Colwell*, 763 F.3d at 1066; *Wilhelm*, 680 F.3d at 1122.  While a mere difference of opinion between Plaintiff and Defendant Brooks regarding appropriate medical care will not support a claim of deliberate indifference, *Snow*, 681 F.3d 987; *Wilhelm*, 680 F.3d at 1122-23, at the pleading stage, Plaintiff must be afforded the benefit of any doubt, *Hebbe*, 627 F.3d at 341-42, and his allegations, although minimal, indicate (1) Defendant Brooks' knowledge of his serious medical needs, including knowledge of ongoing bleeding diarrhea, and (2) harm resulting from her decision to discontinue his existing medical diet, *Wilhelm*, 680 F.3d at 1122.[2] Plaintiff is at least entitled to proceed past the pleading stage.

### D.     Punitive Damages

Finally, Defendant Brooks moves for dismissal of Plaintiff's request for punitive damages. The federal system is one of notice pleading, Fed. R. Civ. P. 8(a), and Plaintiff is not limited to the relief sought in his pleading, Fed. R. Civ. P. 54(c).  Assuming this case proceeds to the liability phase, punitive damages are appropriate should Plaintiff prove, by a preponderance of the evidence, that a defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others," *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986), and acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages, *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).  It would be premature for the Court to dismiss Plaintiff's claim for punitive damages at the pleading stage, and it declines to make that recommendation.

### IV.     Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Brooks' motion to dismiss, filed on May 14, 2014, be DENIED.

---

[2] What Defendant Brooks actually knew or should have known are not issues subject to resolution at the pleading stage. *See Farmer v. Brennan*, 511 U.S. 825, 844, 114 S.Ct. 1970 (1994).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 11, 2014**          **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE