# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>I. VELLA-LOPEZ, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-00990-AWI-SKO (PC)<br><br>ORDER (1) DISREGARDING PREMATURE REPLY, (2) DENYING MOTION TO STRIKE REPLY AS MOOT, (3) DISREGARDING DUPLICATIVE OPPOSITION AND DECLARATION, AND (4) DENYING MOTION TO STRIKE AS MOOT<br><br>(Docs. 67, 75, 76, 77, and 78)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT YU'S MOTION TO DISMISS, MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT, AND MOTION TO SEVER BE GRANTED IN PART AND DENIED IN PART<br><br>(Doc. 60)<br><br>OBJECTION DEADLINE: THIRTY DAYS |

## I. Procedural Background

### A. Defendant Yu's Motion

Plaintiff Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2011. This action is proceeding on Plaintiff's second amended complaint, filed on January 31, 2014, against Defendants Peppercorn, Brooks, and Yu for violating Plaintiff's right to adequate medical care

under the Eighth Amendment of the United States Constitution. (Docs. 38, 39.) The events at issue in this action occurred at California State Prison-Corcoran ("CSP-Corcoran") in July and August 2012.

On May 27, 2014, Defendant Yu filed a motion seeking (1) dismissal for failure to state a claim upon which relief may be granted, (2) an order declaring Plaintiff a vexatious litigant under California law and requiring him to furnish security, and (3) severance of the claim against him from the claims against Defendants Peppercorn and Brooks.[1] Fed. R. Civ. P. 12(b)(6), 20, 21; Local Rule 151(b). (Doc. 60.) Plaintiff filed an opposition on June 11, 2014, and Defendant Yu filed a reply on June 18, 2014. (Docs. 71, 74.) Pursuant to Local Rule 230(*l*), Defendant Yu's motion was submitted upon the record without oral argument upon the filing of the June 18 reply.

**B.    Related Filings**

Some confusion of the record has occurred as a result of the facts that (1) Defendants Peppercorn, Brooks, and Yu are each represented by separate counsel, (2) each defendant separately filed a dispositive motion on a different date, (3) Plaintiff did not consistently label his various responsive filings correctly, and (4) Plaintiff did not consistently limit his response to one opposition per motion as provided for under Local Rule 230(*l*). Therefore, with respect to Defendant Yu's motion, the Court clarifies the record and orders as follows.

Defendant Peppercorn filed a motion for summary judgment on April 24, 2014; Defendant Brooks filed a motion to dismiss on May 14, 2014; and Defendant Yu filed a motion to dismiss on May 27, 2014. Defendant Yu then filed a reply on June 4, 2014, following his receipt of an opposition to Defendant Peppercorn's motion filed by Plaintiff on May 29, 2014.[2] (Doc. 67.) On

---

[1] Defendants Peppercorn, Brooks, and Yu are each represented by separate counsel. On December 9, 2014, the Court recommended that Defendant Peppercorn's motion for summary judgment be granted, and in a separate findings and recommendations issued concurrently with this findings and recommendations, the Court recommended that Defendant Brooks' motion to dismiss for failure to state a claim be denied.

[2] Plaintiff subsequently indicated he served the opposition on Defendant Yu in error, but Plaintiff is required to serve all filings on all parties, which in this case requires service on each defendant's attorney. (Doc. 75, Pl. Mtn. to Strike, 1:14-22.) The confusion likely resulted not from erroneous service, but from the fact that Plaintiff filed three oppositions on May 29, 2014, two of which were responsive to Defendant Peppercorn's motion for summary judgment, one correctly captioned as an opposition to a motion for summary judgment and the other incorrectly captioned as an oppositions to a motion to dismiss. (Docs. 62, 64.) The third was responsive to Defendant Brooks' motion to dismiss and was correctly captioned as an opposition to a motion to dismiss. (Doc. 63.)

2

June 23, 2014, Plaintiff filed a motion to strike the premature reply, and re-filed his opposition to Defendant Yu's motion. (Docs. 75, 76.) On June 27, 2014, Plaintiff filed a declaration. (Doc. 77.)

Defendant Yu's June 4 reply evidenced his uncertainty regarding whether the opposition was responsive to his motion to dismiss. In as much as the opposition in question was responsive to Defendant Peppercorn's motion for summary judgment, Defendant Yu's June 4 reply shall be disregarded as premature. Plaintiff's subsequent June 23 motion to strike the premature reply is denied as moot. Furthermore, Plaintiff's duplicative opposition is disregarded, as is his declaration. Defendant Yu's motion was submitted upon the record following Defendant's June 18 reply. Local Rule 230(*l*). (Docs. 76, 77.) No further briefing is permitted absent leave of court, Plaintiff did not seek leave to file the declaration, and consideration of the declaration would not alter any of the findings and recommendations herein. Local Rule 230(*l*); *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).

## II. Motion to Dismiss for Failure to State a Claim

### A. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v.*

*U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**B.     Discussion**

    **1.     Screening Order**

As an initial matter, Plaintiff's second amended complaint was screened on February 6, 2014, and the Court found it stated a cognizable Eighth Amendment claim against Defendant Yu. 28 U.S.C. § 1915A.  In as much as the legal standard for screening and for 12(b)(6) motions is the same, 28 U.S.C. § 1915A; *Watison*, 668 F.3d at 1112, the Court generally views subsequent Rule 12(b)(6) motions with disfavor, *see Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005); *Thomas v. Hickman*, No. CV F 06-0215 AWI SMS, 2008 WL 2233566, at *2-3 (E.D. Cal. May 28, 2008), and the present motion is no exception.  Nevertheless, because Plaintiff's second amended complaint is a study in brevity, the Court will address Defendant Yu's arguments regarding the perceived deficiencies.  In doing so, it limits its review to the four corners of Plaintiff's second amended complaint. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Schneider*, 151 F.3d at 1197 n.1.

    **2.     Deliberate Indifference**

Defendant Yu argues that Plaintiff fails to allege facts supporting an inference that he acted with deliberate indifference.  The Eighth Amendment of the United States Constitution is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the

4

unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).

Plaintiff's allegation that he has ulcerative colitis and celiac disease, which cause him bloody diarrhea, weight loss, and stomach cramps on a daily basis suffices, at the pleading stage, to support the existence of an objectively serious medical need. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

With respect to the subjective element of his claim, Plaintiff's allegations must be construed liberally and the Court "'may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm*, 680 F.3d at 1122 (quoting *Silva*, 658 F.3d at 1101). Plaintiff's allegations, taken as true, *Silva*, 658 F.3d at 1105, indicate that Defendant Brooks, a dietician, told Defendant Yu not to order Plaintiff a medically necessary diet; Defendant Yu denied Plaintiff medical treatment and Plaintiff's condition worsened as a result; and Defendant Yu allowed Plaintiff's medical condition to deteriorate, causing Plaintiff harm, *Colwell*, 763 F.3d at 1066; *Wilhelm*, 680 F.3d at 1122; *Jett*, 439 F.3d at 1096. While a mere difference of opinion between Plaintiff and Defendant Yu regarding appropriate medical care will not support a claim of deliberate indifference, *Snow*, 681 F.3d 987; *Wilhelm*, 680 F.3d at 1122-23, at the pleading stage, Plaintiff must be afforded the benefit of any doubt, *Hebbe*, 627 F.3d at 341-42, and his allegations, although minimal, are sufficient to place Defendant Yu on notice as to the basis of the legal claim with respect to his medical condition, to Yu's involvement, and to the harm he suffered, *Wilhelm*, 680 F.3d at 1122; *Jett*, 439 F.3d at 1096.[3]

---

[3] What Defendant Yu actually knew or should have known are not issues subject to resolution at the pleading stage. *See Farmer v. Brennan*, 511 U.S. 825, 844, 114 S.Ct. 1970 (1994). Furthermore, although the Court finds Plaintiff's allegations, limited to the four corners of his pleading, suffice to state a claim, the Court notes that there is evidence in the record, which was properly before the Court in addressing Defendant Peppercorn's motion for summary, indicating that Defendant Yu was directly involved in Plaintiff's medical care on or shortly after July 16, 2012, when Defendant Brooks evaluated his diet. Had the Court been persuaded by Defendant's argument, the existence of this evidence in the record would dictate that further amendment be permitted.

5

**III.   Motion to Declare Plaintiff a Vexatious Litigant and Require Security**

    **A.   Procedure Under Local Rule 151(b)**

Defendant Yu seeks to have Plaintiff declared a vexatious litigant under California law and ordered to post security under Local Rule 151(b) of the Eastern District of California, which provides: [4]

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate.  The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Thus, in ordering a party to give security under Local Rule 151(b), the Court must determine that (1) the party is a vexatious litigant and (2) there is not a reasonable probability that the party will prevail pursuant to California Civil Procedure Code § 391.1, which provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3.  The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

    **B.   Vexatious Litigant as Defined Under California Law**

        **1.   Parties' Positions**

In relevant part, a vexatious litigant is defined under California law as one who "[h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction or occurrence." Cal. Civ. Proc. Code § 391(b)(4). Defendant Yu submits evidence that the Superior Court of Kings County declared Plaintiff a vexatious litigant on May 10, 2007, in a case involving Plaintiff's claim that medical staff at CSP-Corcoran failed to provide him with a special diet that was medically necessary for his ulcerative colitis and he suffered bloody diarrhea, stomach cramps, abnormal stools, weight loss, and discomfort.  (Doc. 60-2, Motion, Ex. A, Attach. A.)

---

[4] Defendant Yu is not seeking the issuance of a pre-filing order based on vexatiousness, which is a form of relief governed by federal law and subject to a more rigorous standard. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

6

Defendant argues that Plaintiff meets the definition of a vexatious litigant under section 391(b)(4) in light of the superior court's order declaring him vexatious in an action based on "the same or substantially similar facts, transaction or occurrence" as alleged in this action.

In response, Plaintiff argues only that Defendant's motion must be denied because an exception to 28 U.S.C. § 1915(g) exists for prisoners facing "'imminent danger of serious physical injury'" at the time of filing, and he suffers from lifelong ailments which place him in danger of serious pain or death. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (quoting section 1915(g)). (Doc. 71, Opp., 3:21-4:4.)

### 2. **Finding**

Defendant Yu's evidence demonstrates that on May 10, 2007, Plaintiff was declared a vexatious litigant in case number 05C0349 *Bradford v. Klarich*. (Doc. 60-2, Motion, Ex. A, Attach. A.) In support of its vexatious litigant order, the superior court found that there were at least five qualifying lawsuits which had been adversely determined against Plaintiff in the preceding seven years, and the superior court also identified a previous case in which Plaintiff had been declared a vexatious litigant.[5] (*Id.*) The superior court required Plaintiff to post a security in the amount of $5,000.00 and it entered a pre-filing order. (*Id.*) Thus, Plaintiff was declared a vexatious litigant, and the inquiry turns to whether that case and this case are "based upon the same or substantially similar facts, transaction or occurrence." Cal. Civ. Proc. Code § 391(b)(4).

The commonly accepted meaning of the phrase "substantially similar" as used section 391(b)(4) has been interpreted to apply, and subdivision (b)(4) is satisfied if this case and case number 05C0349 *Bradford v. Klarich* "arise from essentially the same facts, transaction or occurrence," a determination which is made by examining the factual circumstances underlying the two cases. *Devereaux v. Latham & Watkins*, 32 Cal.App.4th 1571, 1581 (Cal. Ct. App. 1995), *disapproved in part on other grounds by Moran v. Murtaugh Miller Meyer & Nelson*, LLP, 40 Cal.4th 780, 785 n.7 (Cal. 2007). Plaintiff brought case number 05C0349 *Bradford v. Klarich* against J. Klarich, L. Schultz, and J. Kim, who were identified as medical staff at CSP-Corcoran.

---

[5] Case number 05C0329 *Bradford v. Klarich*.

7

(Doc. 60-2, Ex. B.)  Plaintiff alleged that the defendants acted with deliberate indifference in failing to provide him with a special diet to control his ulcerative colitis, which harmed him by causing severe stomach cramps, bloody diarrhea, mucus/pus in his stools, pain, and weight loss. (*Id.*)  Thus, the underlying medical condition, its symptoms, and the treatment alleged to be necessary – a special diet – are the "same or substantially similar." Cal. Code. Civ. Pro. § 391(b)(4).  The identity of the parties differs, but it is of "no significance" here given that in both cases Plaintiff sued medical staff at CSP-Corcoran alleged to be responsible for treating his condition. *Devereaux*, 32 Cal.App.4th at 1581.

The only potential distinction is the time frame, as the events in *Bradford v. Klarich* occurred in 2005 while the events in this case occurred in 2012.  However, the Court finds that despite the passage of time between the events in the two cases, comparison of the pleadings in both cases demonstrates they are "substantially similar." *Devereaux*, 32 Cal.App.4th at 1581 (interpreting section 391(b)(4)).  Plaintiff has ulcerative colitis and he believes a special diet is medically necessary to treat his condition, which causes him to suffer from bloody diarrhea, stomach cramps, weight loss, and pain.  Plaintiff alleges that the medical staff members at CSP-Corcoran who failed to provide him with the special diet he seeks acted with deliberate indifference to his medical needs; and these same facts underlie both case number 05C0349 *Bradford v. Klarich* and this case.

Plaintiff offers no argument in opposition, as he confuses the issue raised by Defendant Yu with the separate determination that he is entitled to proceed in forma pauperis in this action because his original complaint satisfactorily alleged he was under imminent danger of serious physical injury at the time of filing.[6] *Andrews*, 493 at 1056-58.

Accordingly, the Court finds that Plaintiff was previously declared a vexatious litigant by the Superior Court of Kings County in an action which was based upon the same or substantially similar facts as at issue in this action, and Plaintiff is therefore a vexatious litigant as defined in Cal. Civ. Proc. Code § 391.1.

---

[6] The district court found Plaintiff did not meet the imminent danger exception and it denied him leave to proceed in forma pauperis, but the appellate court reversed the decision.  (Doc. 15.)

### 3. Reasonable Probability of Prevailing on Eighth Amendment Claim

Next, the Court must also find that Plaintiff does not have a reasonable probability of prevailing in this case. Cal. Civ. Proc. Code § 391.3. This requires "the defendant [to] show that the plaintiff's recovery is foreclosed as a matter of law or that there are insufficient facts to support recovery by the plaintiff on its legal theories, even if all the plaintiff's facts are credited." *Devereaux*, 32 Cal.App.4th at 1583. In making this determination, the Court performs an evaluative function and is required to weigh the evidence; it does not assume the truth of Plaintiff's allegations. *Moran*, 40 Cal.4th at 784-86; *Golin v. Allenby*, 190 Cal.App.4th 616, 635 (Cal. Ct. App. 2010).

This action is proceeding on Plaintiff's Eighth Amendment medical care claim and the core judicial inquiry is whether the defendants knowingly disregarded a substantial risk of harm to Plaintiff's health. However, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted). Thus, while Plaintiff believes a special diet is necessary to treat his medical condition and it is beneficial to him, that alone will not suffice to support a claim of deliberate indifference.

Exhibits submitted by Plaintiff in support of his claim provide clarification of the bases for his claim.[7] Plaintiff's gluten-free diet was discontinued on June 14, 2012, by an unknown medical

---

[7] Defendant Yu objected to evidence submitted by Plaintiff. (Doc. 74, Reply.) However, while the Court is generally confined to consideration of the complaint, documents incorporated by reference, and matters subject to judicial notice in determining whether Plaintiff's allegations state a claim upon which relief may be granted, *Harris v. Amgen, Inc.*, 770 F.3d 865, 874 (9th Cir. 2014) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007)), that is not so in determining whether Plaintiff has a reasonable probability of prevailing in this action for purposes of requiring security pursuant to Local Rule 151(b), a non-merits determination requiring the Court to evaluate and weigh the evidence, *Moran*, 40 Cal.4th at 786. Plaintiff is entitled to the opportunity to be heard regarding his probability of prevailing, which includes consideration of his evidence. *Moran*, 40 Cal.4th at 786. Furthermore, Defendant Peppercorn moved for summary judgment and Plaintiff's evidence submitted in opposition to

9

staff member; and on July 5, 2012, Plaintiff underwent a colonoscopy, the result of which was a finding of "mild reactive colitis." (Doc. 71, Opp. Ex. E, p. 18 & Ex. F, p. 20.)  On July 6, 2012, Plaintiff was evaluated by Defendant Brooks, a registered dietician who was employed at the prison as a clinical dietician. (Ex. D, p. 16, Brooks Dec., ¶¶2, 9; Ex. G, p. 21.)  Defendant Brooks determined that a regular diet was meeting Plaintiff's nutritional needs, and Defendant Yu thereafter ordered Plaintiff a regular diet *as tolerated* with soy milk for sixty days. (Ex. D, p. 17, Brooks Dec., ¶¶11, 12; Ex. G, p. 21; Doc. 64, Opp. to MSJ, p. 12.)  On July 16, 2012, Defendant Brooks executed a declaration in case number 03W0090W, a petition for writ of habeas corpus in the Superior Court of Kings County; and in this action Plaintiff alleges that on July 16, 2012, Defendant Brooks discontinued his special diet. (Ex. D.)  Defendant Brooks attested in her declaration that prison doctors primarily prescribe a gluten-free diet for inmates with celiac disease but at times they prescribe it to control ulcerative colitis. (*Id.*, ¶4.)  Plaintiff had tested negative for celiac disease, however, and Defendant Brooks opined that he was not having any ulcerative colitis flare-ups at the time, his condition was in remission, and he was tolerating a regular diet without problems. (*Id.*, ¶¶10, 11.)  Plaintiff was not then receiving a gluten-free diet; and Defendant Brooks attested he was the right weight for his height and he was receiving a nutritionally adequate diet. (*Id.*, ¶¶11, 12.)  However, Defendant Brooks attested that Plaintiff is lactose intolerant and she recommended he be provided with a soy milk substitute. (*Id.*, ¶13.)  Thereafter, in a "Medical Progress Note" authored by Ravijot Gill, D.O., on August 17, 2012, it was noted that a gluten-free diet was not indicated for ulcerative colitis. (Brooks Decl, ¶4; Opp. to MSJ, p. 12.)

Based on the medical evidence in the record submitted by Plaintiff, and crediting those facts which Plaintiff believes support his claim in this action, the Court finds that Plaintiff does not have a reasonable probability of prevailing in this action. *Devereaux*, 32 Cal.App.4th at 1583. "Deliberate indifference is a high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th

---

that motion is part of the record. (Docs. 62, 64.)  The Court notes that even at the summary judgment stage, most of the objections made by Defendant Yu would not preclude consideration of the evidence submitted by Plaintiff. *See e.g.*, Fed. R. Evid. 801(d)(2), 803(4), 803(6), 901(b)(4); *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532-33 (9th Cir. 2011); *Estate of Hernandez-Rojas ex rel. Hernandez v. U.S.*, __ F.Supp.3d __, __, 2014 WL 4829459, at *4 (S.D.Cal. 2014).

Cir. 2004), and the requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care, *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. It bears repeating that deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need. . . ." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). In this case, Plaintiff's evidence shows that the dietary decision was made based on a medical evaluation of Plaintiff's condition, which included testing. Plaintiff's mere disagreement with Defendants Brooks and Yu's professional opinions regarding his medical needs does not support a claim for violation of the Eighth Amendment; Plaintiff's lay opinion regarding his need for a special diet cannot be relied upon to support his claim; different opinions and/or courses of treatment even among medical staff at the prison do not support a claim under the Eighth Amendment; and nothing more than a mere disagreement with the course of treatment prescribed has been shown. Accordingly, the Court recommends that Defendant Yu's motion for an order requiring Plaintiff to furnish security be granted.

### 4. Amount of Security

Defendant Yu requests that Plaintiff be required to post security in the amount of at least $2,295.00 before this action is permitted to proceed further. The figure of $2,295.00 is based on defense counsel's hourly rate of $170.00 times the 13.5 hours expended in researching, investigating, and preparing the instant motion. (Doc. 60-3, Motion, Rhoan Dec., ¶5.) Plaintiff did not respond to this argument beyond mischaracterizing the issue as one governed by 28 U.S.C. § 1915(g).

"'Security' means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant." Cal. Civ. Proc. Code § 391(c). The Court agrees with Defendant Yu's characterization of $2,295.00, which is supported by evidence, as a conservative estimate of the amount expended to date. *Moran*, 40 Cal.4th at 786; *McColm v. Westwood Park Ass'n*, 62 Cal.App.4th 1211, 1218-19 (Cal. Ct. App. 1998) ($1,000.00 security amount sought did not require evidentiary support);

*Devereaux*, 32 Cal.App.4th at 1587-88 (security sought in the amount of $25,000.00 was supported by evidence); *see also Singh v. Lipworth*, 132 Cal.App.4th 40, 45-8 (Cal. Ct. App. 2005). (Doc. 60-3, Rhoan Dec., ¶¶3, 4.) Moreover, although Plaintiff is proceeding in forma pauperis, that status is not a barrier to an order to furnish security. *Moran*, 40 Cal.4th at 786; *McColm*, 62 Cal.App.4th at 1218-19; *Devereaux*, 32 Cal.App.4th at 1587-88 (security in the amount of $25,000.00, supported by evidence). Accordingly, the Court recommends that Plaintiff be ordered to furnish security in the amount of $2,295.00 before this action proceeds further.

**IV.     Motion to Sever Claim**

Finally, Defendant Yu requests that in the event this action proceeds, the claim against him be severed. Plaintiff did not address the argument in his opposition, but for the reasons which follow, the Court finds it to be unpersuasive.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).

This action is proceeding on Plaintiff's second amended complaint, which superceded his original and first amended complaints; and Plaintiff alleges that on July 16, 2012, Defendant Brooks told Defendant Yu not to order Plaintiff a special diet and Defendant Yu then denied Plaintiff treatment, causing him harm. Although brief, Plaintiff's allegations suffice to show that his Eighth Amendment medical care claim against Defendants Brooks and Yu arises out of the same transaction or occurrence, or series of transactions and occurrences, and there are common questions of law and fact. Moreover, Plaintiff's exhibits confirm that his claim arises out of events which occurred in July and August 2012 regarding his desire for a gluten-free diet to treat his colitis, and Defendants Brooks and Yu played some role in the medical care decisions concerning that issue during that time period. Thus, Plaintiff may proceed in this action against

12

Defendants Brooks and Yu, and the inclusion of both defendants neither runs afoul of the policies underlying joinder rules nor represents the sort of "buckshot complaint" that should be rejected. *George*, 507 F.3d at 607.

## V. Order and Recommendation

Based on the foregoing, the Court HEREBY ORDERS and RECOMMENDS as follows:

1. Defendant Yu's premature reply, filed on June 4, 2014, is ORDERED DISREGARDED and Plaintiff's motion to strike, filed on June 23, 2014, is ORDERED DENIED as moot;

2. Plaintiff's duplicative opposition, filed on June 23, 2014, and Plaintiff's declaration, filed on June 27, 2014, are ORDERED DISREGARDED, and Defendant Yu's motion to strike, filed on July 14, 2014, is ORDERED DENIED as moot; and

3. Defendant Yu's motion is RECOMMENDED GRANTED IN PART AND DENIED IN PART as follow:

    a. Defendant's motion to dismiss for failure to state a claim be DENIED;

    b. Defendant's motion for an order requiring Plaintiff to post security in the amount of $2,295.00 pursuant to Local Rule 151(b) be GRANTED; and

    c. Defendant's motion to sever the claim against him be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v.*

///

///

///

///

13

*Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated: | **December 11, 2014** | **/s/ Sheila K. Oberto** |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |