# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>I. VELLA-LOPEZ, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-00990-AWI-SKO (PC)<br><br>ORDER (1) DISREGARDING DECLARATION; (2) ADOPTING FINDINGS AND RECOMMENDATIONS, (3) DENYING BROOKS' MOTION TO DISMISS, (4) GRANTING IN PART AND DENYING IN PART YU'S MOTION, AND (5) REQUIRING PLAINTIFF TO POST SECURITY WITHIN THIRTY DAYS<br><br>(Docs. 55, 60, 83, and 84) |

Plaintiff Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2011. This action is proceeding on Plaintiff's second amended complaint, filed January 31, 2014, against Defendants Brooks and Yu for violating Plaintiff's right to adequate medical care under the Eighth Amendment of the United States Constitution.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On December 12, 2014, the Magistrate Judge filed a Findings and Recommendations recommending that Defendant Brooks' motion to dismiss be denied, and a Findings and Recommendations recommending that Defendant Yu's motion to dismiss and motion for an order requiring Plaintiff to post security be granted in part and denied in part. Plaintiff filed an Objection to the latter Findings and Recommendations on January 12, 2014, and

Defendant Yu filed his response on January 26, 2015.[1] Local Rule 304(b), (d).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  Plaintiff submitted two exhibits in support of his objection to the finding that he is not likely to prevail on the merits, which underpins the recommendation he be required to post security.  Local Rule 151(b). However, the court order from 2004, which Plaintiff mischaracterizes as a judicial finding that he was entitled to a special diet, was part of the record considered by the Magistrate Judge and neither that 2004 order nor the 2014 medical record assist Plaintiff with respect to showing he has a reasonable probability of prevailing on his claim, which arises from a disagreement with a medical diet decision made by Defendants Yu and Brooks in July 2012.[2]  *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's declaration, filed on January 20, 2015, is DISREGARDED;
2. The Findings and Recommendations, filed on December 12, 2014, are adopted in full;
3. Defendant Brooks' motion to dismiss, filed on May 14, 2014, is DENIED;
4. Defendant Yu's motion, filed on May 27, 2014, is GRANTED IN PART and DENIED IN PART as follows:
    a. Defendant's motion to dismiss for failure to state a claim is DENIED;
    b. Defendant's motion for an order requiring Plaintiff to post security in the amount of $2,295.00 pursuant to Local Rule 151(b) is GRANTED; and
    c. Defendant's motion to sever the claim against him is DENIED; and

---

[1] Plaintiff filed a declaration on January 20, 2015, stating that he was not served with a copy of the defendants' objections, preventing him from filing a response. (Doc. 90.)  No party is required to file an objection and neither Defendant Brooks nor Defendant Yu objected.  Local Rule 304(b).  Consequently, there is no objection to which Plaintiff may file a response and his declaration shall be disregarded.  Local Rule 304(d).

[2] The order denied Plaintiff's habeas petition on the ground of mootness and made no finding as to the petition's merits.

5. Plaintiff shall furnish security in the amount of $2,295.00 to the Court within **thirty (30) days** from the date of service of this order or this action will be dismissed.

IT IS SO ORDERED.

Dated:   February 13, 2015                                      /s/ signature

                                                                           SENIOR  DISTRICT  JUDGE

3